FILED
APR 0 1 2015
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

FILED
APR 1 2015
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301



U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
*United States Attorney*
*Northern District of West Virginia*

---

United States Courthouse
1125 Chapline Street, Suite 3000        Phone:   (304) 234-0100
P. O. Box 591                           FAX:     (304) 234-0111
Wheeling, WV  26003

January 23, 2015

Mr. Barry Boss
The Army and Navy Building, Suite 1100
1627 I Street, NW
Washington, D.C. 20006

In re:   United States v. David Phillip Haberman

Dear Mr. Boss:

    This will confirm conversations with you concerning your client, David Phillip Haberman, (hereinafter referred to as "the defendant"). The United States extends the following plea offer to the defendant. This offer will expire on January 30, 2015 at 4 p.m. unless a written acceptance is received by the United States Attorney's Office before then.

    1.    The defendant waives the right to have this case presented to a federal grand jury, and waives all statutes of limitation applicable to the offense of conviction and all other offenses in any way related to it, for all purposes.

    2.    The defendant will plead guilty to Count 1 of an Information, which charges conspiracy to purloin government funds in violation of Title 18, United States Code, Section 371.

    3.    The maximum penalty to which the defendant will be exposed by virtue of the plea of guilty is imprisonment for a term of not more than 5 years, a fine up to $250,000 and 3 year of supervised release for this class D felony. A special mandatory assessment of $100.00 (18 U.S.C. § 3013) must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court. It is understood that the defendant may be required by the Court to pay the costs of incarceration, probation or supervised release.

_____
David Phillip Haberman, Defendant

Jan 29, 2015
_____
Date Signed

_____
Barry Boss, Esq.
Counsel for Defendant

2/3/15
_____
Date Signed

Mr. Barry Boss, Esq.
January 7, 2014
Page 2

4. The defendant will be completely forthright and truthful with representatives of the United States Attorney's office for the Northern District of West Virginia with regard to all inquiries made of the defendant and will give signed, sworn statements and grand jury and trial testimony in relation to those inquiries. The defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

5. Nothing contained in any statement or any testimony given by the defendant, pursuant to the above paragraph, will be used against the defendant as the basis for any subsequent prosecution.

   a. It is understood that any information obtained from the defendant in compliance with this cooperation agreement may be made known to the sentencing Court; however, pursuant to USSG § 1B1.8, such information may not be used by the Court in determining the defendant's applicable Guideline range except to the extent it supports the United States' position that the defendant is at a Guideline level of 14 before any reduction for acceptance of responsibility.

   b. This agreement does not prevent the defendant from being prosecuted for any violations of other federal and state laws the defendant may have committed should evidence of any such violations be obtained from an independent source, separate and apart from that information and testimony being provided by the defendant pursuant to this agreement.

   c. In addition, nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of the defendant fulfilling the conditions of the above paragraph.

6. At final disposition, the United States may advise the Court of the defendant's forthrightness and truthfulness or failure to be forthright and truthful, and ask the Court to give that such weight as the Court deems appropriate.

7. There have been no representations whatsoever by any agent or employee of the United States, any other law enforcement agency, or defendant's counsel as to what the final disposition in this matter will be. This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Fed.R.Crim.P. Rule 11(c)(1)(B); however, the defendant understands

| | |
|---|---|
| _____<br>David Phillip Haberman, Defendant | _____Jan 29, 2015_____<br>Date Signed |
| _____<br>Barry Boss, Esq.<br>Counsel for Defendant | _____2/3/15_____<br>Date Signed |

Mr. Barry Boss, Esq.
January 7, 2014
Page 3

that the Court is <u>not</u> bound by these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement. If a signed copy of this plea agreement is emailed, faxed or hand-delivered to the United States Attorney's Office not later than 4 p.m. on January 30, 2015; and provided the defendant pays the forfeited money judgment one week before sentencing, and pays the $100.00 special assessment fee on or before the day of sentencing, the United States will make the following <u>nonbinding</u> recommendations:

      a. If, in the sole opinion of the United States Attorney's Office, the defendant accepts responsibility, and if the probation office also concurs, then the United States will recommend a two-level reduction for "acceptance of responsibility" and,

      b. The United States will stand silent on the recommendation of a specific term of incarceration. Provided, however, the United States retains the right to respond to any questions and issues raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any written or oral statements made to the Court, and to examine and cross-examine witnesses.

    8. The defendant understands that the United States' Sentencing Guidelines are now advisory and no longer mandatory. It is understood that the sentencing Court may impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified for the offense.

    9. The United States reserves the right to provide relevant information to the Court and the United States Probation Office in connection with any presentence investigation that may be ordered pursuant to Fed.R.Crim.P. Rule 32 concerning the relevant conduct, the defendant's background, criminal record, and other pertinent data that will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report, and to respond to any written or oral statements made by the Court, by the defendant or counsel.

    10. The defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and, if requested, agrees to participate in a pre-sentence debtor examination to be conducted by the United States under oath and before a court reporter. After sentencing, any unpaid restitution and any criminal monetary penalty will be due and payable immediately and subject to immediate enforcement under 18 U.S.C. § 3613. Until it is

_____
David Phillip Haberman, Defendant

_____
Barry Boss, Esq.
Counsel for Defendant

_____
Jan 29, 2015
Date Signed

_____
2/3/15
Date Signed

Mr. Barry Boss, Esq.
January 7, 2014
Page 4

paid, the defendant agrees to voluntary garnishment of 25% of all nonexempt net disposable earnings from any employment, without prior demand under the Federal Debt Collection Procedures Act (28 U.S.C. § 3205). To this end, the defendant waives any exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673). Further, the United States may submit any unpaid penalty to the United States' Treasury for offset, regardless of the defendant's payment history.

11. The defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of all property encompassed in the charging instrument's Forfeiture Allegation.

    a. The defendant agrees to the entry of a forfeiture personal money judgment in the amount of $84,884.55. The defendant agrees to satisfy the forfeiture money judgment obligation at least one week before the date of sentencing by wire transferring $84,884.55 (after any bank or other service charge) to the United States Marshals Service's account at the Federal Reserve Bank of New York, ABA: 021030004; ALC: 00008187; 33 Liberty Street, New York, NY 10045 in a transmission that references: CATS # 15 – ENE - 000002, and delivering a copy of the wire transfer confirmation to the United States Attorney's office.

    b. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

12. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the right:

    a. to appeal any order, the conviction and any sentence that is within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.

_____
David Phillip Haberman, Defendant

_____
Barry Boss, Esq.
Counsel for Defendant

_____Jan 29, 2015_____
Date Signed

_____2/3/15_____
Date Signed

      b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

13. The United States waives its right to appeal the sentence.

14. If, in the sole opinion of the United States: the defendant engages in conduct defined under the Application Notes 4(A) through (K) of USSG § 3C1.1; or violates any post-guilty plea bond condition; or violates any provision of this plea agreement, then the United States may void this agreement provided, however, the defendant's waiver of all statutes of limitation will survive. If the defendant's plea is not accepted by the Court or is later set aside, then this plea agreement is null and void except as to the waiver of any statutes of limitation.

15. The parties agree (i) that the United States has the right to initiate a civil action against the defendant to remedy conduct underlying and related to the conduct underlying the offense of conviction and (ii) that the defendant will have a right to set off the amount paid to satisfy the criminal forfeiture money judgment against any civil judgment. The parties further agree that by entering into this plea agreement, the defendant is not admitting any civil liability. The defendant reserves the right to assert in any civil action that he did not violate any law by entering into overlapping contracts with the Department of Energy, and by not advising the Department of Energy of the existence of such overlapping contracts.

16.   a. The defendant will not seek, accept, or continue with any employment with any department or agency of the United States or with any contractor for work on a contract with any department or agency of the United States.

      b. The defendant will consent to administrative debarment from current and future employment with all departments and agencies of the United States.

_____       _Jan 29, 2015_____
David Phillip Haberman, Defendant      Date Signed

_____      _2/3/15_____
Barry Boss, Esq.      Date Signed
Counsel for Defendant

Mr. Barry Boss, Esq.
January 7, 2014
Page 6

17. The defendant will not be prosecuted in the Northern District of West Virginia for any other offense related to the offense of conviction. Nanci Sue Haberman will not be prosecuted in the Northern District of West Virginia for any offense related to the defendant's offense of conviction.

18. The government will not oppose the defendant's request that his bond conditions include a provision permitting him to travel domestically and internationally for business.

19. These 6 pages constitute the entire agreement between the defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,

WILLIAM J. IHLENFELD, II,
United States Attorney

By: *[signature]*
Michael D. Stein
Assistant United States Attorney

As evidenced by my signature at the bottom of all of these pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
David Phillip Haberman, Defendant

Jan 29, 2015
Date Signed

_____
Barry Boss, Esq.
Counsel for Defendant

2/3/15
Date Signed