```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   **v.**                           **CRIMINAL NO. 1:15CR35**
                                                 **(Judge Keeley)**

**DAVID PHILLIP HABERMAN,**

        **Defendant.**

### ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING

On April 1, 2015, defendant, David Phillip Haberman ("Haberman"), appeared before United States Magistrate Judge John S. Kaull and moved for permission to enter a plea of GUILTY to the one count Information. Haberman stated that he understood that the magistrate judge is not a United States District Judge, and consented to pleading before the magistrate judge. This Court had referred the guilty plea to the magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

At the outset of the hearing, the magistrate judge accepted Haberman's waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. Since the offense charged in the Information naming Haberman is punishable by a term of

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF
GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING**

imprisonment of greater than one year, the Court questioned him to determine if his waiver of prosecution by indictment was being freely given in a sober and knowledgeable fashion.

The magistrate judge then advised Haberman of the nature of the charge in the Information, and confirmed that he had read and reviewed it with counsel.

Next, the magistrate judge explained Haberman's constitutional right to proceed by a grand jury indictment, and that the United States is able to charge him by Information only if he waives this right. The magistrate judge explained the Grand Jury process to Haberman, following which he confirmed his understanding of this right, and that, by waiving it, the United States could proceed to charge him with the Information as though he had been indicted. Haberman then signed a Waiver of Indictment in open court, which the Court ordered to be filed.

Based upon Haberman's statements during the plea hearing and the testimony of Special Agent Sylvia Bergstedt of the Department of Energy's Office of the Inspector General, the magistrate judge found that Haberman was competent to enter a plea, that the plea was freely and voluntarily given, that he was aware of the nature of the charges against him and the consequences of his plea, and

# ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING

that a factual basis existed for the tendered plea. On April 3, 2015, the magistrate judge entered an Opinion/Report and Recommendation Concerning Plea of Guilty in Felony Case ("R&R") (dkt. no. 23) finding a factual basis for the plea and recommended that this Court accept Haberman's plea of guilty to the one count Information.

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R. The magistrate judge further directed that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R. On April 14, 2015, counsel for the defendant filed unopposed objections to the R&R (dkt. no. 28).

Haberman has objected to two factual statements in the R&R. First, he objects to the finding that counsel for the defendant stated that the signed plea agreement "was more favorable to Defendant than any binding or non-binding offers that may have been discussed." To the contrary, he contends that counsel for the defendant stated that the plea agreement was more favorable than "any binding offer that was made." Second, he objects to the statement in the R&R stating "that he heard, understood, and agreed

| USA v. DAVID PHILLIP HABERMAN | 1:15CR35 |
|---|---|

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING**

with Special Agent Bergstedt's testimony." The defendant was asked whether he was able to hear and follow Special Agent Bergstedt's testimony, and through counsel he expressed his disagreement with a portion of that testimony.

Neither of these objections negate the factual basis for Haberman's plea of guilty, which relates to submitting duplicate expenses in violation of federal law (dkt. no. 28 at 2). The Court therefore **ORDERS** that the record reflect the two factual corrections noted by Haberman, and agreed to by the United States Attorney's Office.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R, **ACCEPTS** Haberman's guilty plea, and **ADJUGES** him **GUILTY** of the crime charged in the one count Information.

Pursuant to Fed. R. Crim. P. 11(e)(2) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence report prepared in this matter.

Based on an anticipated amendment to the sentencing guidelines applicable to his case effective November 1, 2015, on April 15, 2015, Haberman filed an unopposed motion requesting the Court to

**USA v. DAVID PHILLIP HABERMAN**                                  1:15CR35

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF
GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING**

schedule his sentencing hearing after November 1, 2015. For good cause, the Court **GRANTS** the motion (dkt. no. 29) and **ORDERS** as follows:

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** as follows:

1.  The Probation Officer undertake a presentence investigation of **DAVID PHILLIP HABERMAN,** and prepare a presentence report for the Court;

2.  The Government and Haberman are to provide their versions of the offense to the probation officer by **May 20, 2015**;

3.  The presentence report is to be disclosed to Haberman, defense counsel, and the United States on or before **July 18, 2015**; however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4.  Counsel may file written objections to the presentence report on or before **August 1, 2015;**

5.  The Office of Probation shall submit the presentence report with addendum to the Court on or before **August 15, 2015**; and

6.  Counsel may file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the

**USA v. DAVID PHILLIP HABERMAN** 1:15CR35

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING**

factual basis from the statements or motions, on or before **August 29, 2015.**

The magistrate judge granted defendant's request for unsupervised release and **ORDERED** the defendant to abide by the conditions set out in the magistrate judge's R&R.

The Court will conduct the sentencing hearing for Haberman on **Tuesday, November 10, 2015** at **9:30 A.M.** at the **Clarksburg, West Virginia** point of holding court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: April 23, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE